# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TED W. FENN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:09-CV-1390-VEH |
| | ) |
| **JOHN B. HULSEY, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

This case comes before the court on the issue of whether the court has subject matter jurisdiction.  Because the court finds, for the reasons stated hereinafter, that it lacks subject matter jurisdiction, the court will, by separate order entered contemporaneously herewith, dismiss this case, without prejudice.

## PROCEDURAL HISTORY

On July 13, 2009, the Plaintiff, Tedd W. Fenn ("Mr. Fenn"), proceeding *pro se*, filed a Complaint (doc. 1) against John B. Hulsey, Jr., Hulsey Environmental Services, Inc., and LHR Farms, Inc. (collectively, the "Defendants").  Mr. Fenn complained that he performed consulting services for the Defendants and the Defendants did not pay him for those services.  Thus, the Complaint alleged claims under Alabama law only.  Only this court's diversity jurisdiction under 28 U.S.C. § 1332 was invoked.

On July 29, 2009, the Defendants filed an Answer (doc. 6) and a First Motion to Dismiss (doc. 7). The First Motion to Dismiss was based exclusively on Plaintiff's failure to have a colorable claim to an amount in excess of this court's jurisdictional amount ($75,000).

By Memorandum Opinion and Order (doc. 15) entered on September 18, 2009, this court denied the First Motion to Dismiss. The court assumes the reader's familiarity with that Memorandum Opinion and Order.

Discovery and various motions to compel followed. Then, on December 29, 2009, the Defendants filed a Second Motion to Dismiss. (Doc. 52). The Second Motion to Dismiss was again premised entirely upon this court's lack of subject matter jurisdiction in that the amount in controversy was less than $75,000.

On January 15, 2010, an extensive hearing was held before the undersigned judge on Mr. Fenn's Motion to Compel (doc. 50) and the Defendants' Second Motion to Dismiss. At that hearing, the court expressed its concern that it lacked subject matter jurisdiction over this controversy in that Mr. Fenn's claims did not exceed the jurisdictional threshold amount. At the hearing, Mr. Fenn stated that his breach of contract claims claimed damages of $54,628, but that he had also intended to make claims sounding in fraud, and that his damages related to those claims would, when added to his claimed damages for breach of contract, exceed $75,000. At the hearing,

and by written order entered on January 19, 2010 (doc. 59), Mr. Fenn was ordered to file, no later than January 29, 2010, an Amended Complaint that set out allegations sufficient to establish this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The January 19, 2010, Order also specifically instructed Mr. Fenn that "fraud claims must be [pled] with specificity." *Id.*

On January 29, 2010, Mr. Fenn filed his Amended Complaint (doc. 61), together with multiple additional discovery requests. (Docs. 62, 63, and 64). On that same day, this action was stayed by the court *sua sponte* pending a decision as to the jurisdictional issue. (Doc. 67).

On March 12, 2010, Mr. Fenn filed what this court construes as a motion for a hearing. (Doc. 70). Mr. Fenn requests a hearing on his Amended Complaint, on his December 22, 2009, Motion to Compel, and on Defendants' still pending Second Motion to Dismiss.

As stated above, the court has already held an extensive hearing and entered a written order on the jurisdictional deficiencies of Mr. Fenn's initial Complaint, Mr. Fenn's desire to set out a fraud claim (as he has attempted to do in his Amended Complaint), the requirements to plead fraud, and Defendants' Second Motion to Dismiss. Because the court can reach a conclusion as to its jurisdiction or lack thereof without the need for another hearing, the request for a hearing will be

**DENIED** to the extent that Mr. Fenn requests a second hearing as to the issue of subject matter jurisdiction. Because the court determines that it lacks subject matter jurisdiction, the court does not need a hearing to determine that the Motion to Compel should be **DENIED** as **MOOT**.

## ANALYSIS

I.   **Diversity Jurisdiction Requirements**.

Title 28, United States Code, § 1332, provides, in relevant part:

> § 1332. Diversity of citizenship; amount in controversy; costs
>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs....

28 U.S.C.A. § 1332. Thus, "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). The statute expressly states that costs cannot be included in the determination of whether the jurisdictional amount is met. Additionally, unless there is a statutory or contractual provision allowing a prevailing plaintiff to recover attorneys' fees, that potential recovery cannot be counted in calculating the jurisdictional amount. *See, e.g.*, *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933). Mr. Fenn does not allege any contractual or

statutory basis for recovering his attorneys' fees and costs. Further, Alabama law does not allow recovery of such fees and costs for fraud,[1] or, absent an agreement that they are recoverable, for breach of contract . Finally, "a *pro se* litigant who is <u>not</u> a lawyer is <u>not</u> entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (emphasis in original).

Therefore, under the facts of this case, jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between Mr. Fenn and Defendants; and (2) satisfaction of the amount in controversy requirement based upon claims for damages proximately caused by the Defendants' actions. Complete diversity of citizenship is not contested. It is Mr. Fenn's burden, as the party evoking this Court's jurisdiction, to show that the minimum amount in controversy requirement is met. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (the party asserting diversity jurisdiction has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction.").

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the

---

[1] Under Alabama law, the victim in a fraud case is not entitled to an award of attorney's fees unless the case involves a common fund. *See Cory v. Carpenter*, 510 So.2d 546, 549 (Ala. Civ. App. 1986). *See also*, *e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001).

plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

For the reasons set out below, the court finds that, accepting all of the allegations of Mr. Fenn's Amended Complaint as true, to a legal certainty, the jurisdictional minimum amount in controversy has not been met and therefore this court lacks subject matter jurisdiction.

## II.   To a Legal Certainty, the Jurisdictional Amount Has Not Been Met.

In the present case, Mr. Fenn has pled an amount of damages that is greater than the minimum amount in controversy requirement. Generally, a plaintiff's good faith demand for damages in excess of the jurisdictional minimum will be afforded deference by the court. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289. Such is the case here.

The Amended Complaint has three Counts: Breach of Contract (Count One); Fraud (Count Two) and Punitive Damages (Count Three). Count One - Breach of

Contract alleges damages of $54,628 "for the worked performed by Plaintiff and finance charges assessed." (Amended Complaint, par. 32). Mr. Fenn also sought as damages for Breach of Contract, "all additional costs of documentation, suit, legal costs, attorney consulting costs, expert fees and expenses, discovery costs, other direct out of pocket costs, costs of service, all miscellaneous costs, and [c]ourt [c]osts." *Id.* Count Two - Fraud alleges damages of "$39,406 for the lost profits suffered by Plaintiff in his efforts to collect payment from the Defendants." (Amended Complaint, par. 36). In Count Two, Mr. Fenn also requests "punitive damages and all additional costs of documentation, suit, legal costs, attorney consulting costs, expert fees and expenses, discovery costs, other direct out of pocket costs, costs of service, all miscellaneous costs, and [c]ourt [c]osts." *Id.* Count Three - Punitive Damages states that Mr. Fenn "is entitled to exemplary and punitive damages." (Amended Complaint, par. 39). It does not state any amount claimed for such damages.

> A. <u>Mr. Fenn has adequately stated a claim for breach of contract in the amount of $54,628.00.</u>

As stated at the January 15, 2010, hearing, Mr. Fenn has adequately stated a claim for breach of contract. The maximum sum of money which Mr. Fenn claims for that breach is $54,628.00. Therefore, unless Mr. Fenn is able to adequately state

7

another claim, this court lacks subject matter jurisdiction.

      B.    <u>Mr. Fenn has failed to adequately state a claim for fraud.</u>

In the Amended Complaint, Mr. Fenn alleges that he was defrauded by Defendants on the basis that they promised to pay him for "past services ... to entice the Plaintiff to continue to provide service for Defendants. Defendants acted with the intent of unjustly enriching themselves <u>by defrauding the Plaintiff of payment due for past services</u>." (Amended Complaint, par. 34) (emphasis supplied). He further alleges that he "relied on the misrepresentations of the Defendants and suffered loss and damages as a result of those misrepresentations." (Amended Complaint, par. 35). Mr. Fenn "requests judgment in the amount of $39,406 <u>for the lost profits suffered by Plaintiff in his efforts to collect payment from the Defendants</u>. In addition, Plaintiff requests punitive damages and all additional costs of documentation, suit, legal costs, attorney consulting costs, expert fees and expenses, discovery costs, other direct out of pocket costs, costs of service, all miscellaneous costs, and Court Costs." (Amended Complaint, par. 36) (emphasis supplied).

> The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation. To prevail on a promissory fraud claim, two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive.

*James v. City of Russellville*, --- So. 3d ----, No. 2080881, 2010 WL 58285, at *2 (Ala. Civ. App. Jan. 8, 2010) (quoting *Ex parte Michelin North America, Inc.*, 795 So. 2d 674, 678-79 (Ala. 2001)) (internal marks omitted).

"The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made. If it were, a mere breach of contract would be tantamount to fraud." *Purcell Co., Inc. v. Spriggs Enterprises, Inc.*, 431 So. 2d 515, 519 (Ala. 1983) (citing *Old Southern Life Insurance Co. v. Woodall*, 326 So. 2d 726 (1976)).

In support of his fraud claim, which begins at paragraph 33, Mr. Fenn reincorporates all prior paragraphs of his Amended Complaint. In doing so, Mr. Fenn fails to comply with the court's express written instructions, as set out in its January 19, 2010, Order, and with Rule 9 of the Federal Rules of Civil Procedure. In that Order, the court specifically stated:

> The Amended Complaint must be complete and stand alone. That is, it must not incorporate by reference any paragraphs of the initial Complaint. It must have a section (called a "Count") for each claim asserted (that is: Count One - Breach of Contract; Count Two - Fraud). <u>Each count must set out, in separately numbered paragraphs, all of the allegations of the Plaintiff that relate to that Count.</u> <u>Further,</u> although, generally, the Federal Rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief," (Rule 8(a)(2), FED.R.CIV.P.), <u>fraud claims must be plead with specificity</u>. (Rule 9(b), FED.R.CIV.P.).

(Order, doc. 59, p. 2) (emphasis supplied).

However, because Mr. Fenn is *pro se*,[2] the court has reviewed all of the paragraphs of the Amended Complaint seeking the specificity required, as to Mr. Fenn's fraud claim (Count Two), by both its Order and the Federal Rules of Civil Procedure. Those paragraphs are summarized below.

First, Mr. Fenn claims that he performed accounting and/or consulting services for the Defendants and that he has not been paid for his "services performed from April 15, 2008 through September 19, 2008." (Amended Complaint, par. 1)

In paragraphs 2 through 18 of his Amended Complaint, Mr. Fenn sets out these services by dates rendered, named defendant, and invoice numbers. However, the only services he claims that he rendered on or after August 19, 2008,[3] are found at paragraphs 17 and 18.

> 17. During the period of August 15-22, 2008[,] Plaintiff performed consulting work in Alabama at Defendants' Request and incurred

---

[2] Although the court notes that Mr. Fenn claims, as part of his damages, "attorney consulting costs." Amended Complaint, par. 32, 36.

[3] Which is the date that the court finds is the <u>earliest</u> possible date, under the <u>broadest</u> reading of the Amended Complaint, that Mr. Fenn could be argued to have alleged is a date on which any promises to pay for past services were made to "entice [Mr. Fenn] to continue to provide service for Defendants." (Amended Complaint par. 25) ("Plaintiff talked to Defendants' General Manager, Randy Cook, on August 19, 2008[,] via telephone. ... Randy Cook ... stated that John Hulsey said he would send Plaintiff a check by the end of the month.").

expenses on Defendants' behalf.  Plaintiff invoiced Hulsey Environmental Services, Inc. the amount of $110.20 on invoice 2095. Defendants have not paid Plaintiff for the work performed.

18. During the period of September 15-19, 2008[,] Plaintiff performed consulting work in Alabama at Defendants' Request and incurred expenses on Defendants' behalf.  Plaintiff invoiced Hulsey Environmental Services, Inc. the amount of $8.40 on invoice 2113. Defendants have not paid Plaintiff for the work performed.

Although Mr. Fenn conclusorily alleges that "Plaintiff relied on the misrepresentation of the Defendants and suffered loss and damages as a result of those misrepresentations" (Amended Complaint, par. 35), notably, nowhere in the Amended Complaint does Mr. Fenn state that the Defendants' alleged misrepresentations induced him to perform any consulting or other services for the Defendants.  Under Alabama law, "a fraud claim fully accrues once any legally cognizable damage has proximately resulted, *i.e.*, once the plaintiff has 'detrimentally' relied on the fraud.'" *Bosarge Offshore, LLC v. Compass Bank*, 943 So. 2d 782, 787 (Ala. 2006) (quoting *Ex parte Haynes Downard Andra & Jones, LLP*, 924 So. 2d 687, 694 (Ala. 2005)).  "Thus it is critical that a plaintiff [allege] that his reliance on the fraud proximately caused the damage that forms the basis of his action." *Id.*

Instead, Mr. Fenn says that his fraud damages consist of time and costs he spent trying to collect the money he alleges he is owed.  Thus, Mr. Fenn has not

alleged any legally cognizable injury proximately caused by his alleged reliance on the Defendants' alleged misrepresentations. As noted previously, the Supreme Court has noted that "a *pro se* litigant who is <u>not</u> a lawyer is <u>not</u> entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (emphasis in original). Further, the statute itself says that the jurisdictional amount is "exclusive of ... costs." 28 U.S.C. § 1332.

The court finds that Mr. Fenn has not pled facts sufficient to maintain a promissory fraud claim. Under the facts as pled, Mr. Fenn appears to be asserting a fraud claim premised only on Defendants' promise and subsequent failure to pay for services that he had already rendered. Further, Mr. Fenn asks the court to infer from the Defendants' failure to pay that Defendants intended to commit fraud. A fraud claim cannot be based on such facts alone. *See Purcell Co., Inc.*, *supra*. Also, Mr. Fenn has not, in conformity with Federal Rule of Civil Procedure 9 (which requires that facts supporting a fraud claim be pled with specificity), pled any specific facts that Defendants acted with an intent to deceive at the time they promised to pay. Under the facts as alleged, this case appears to be one in which a plaintiff is trying to create a fraud claim out of the facts necessary to assert a breach of contract or unjust enrichment claim.

Also, Mr. Fenn's conclusory statements that the elements of fraud are met in this case are not sufficient for the fraud claim to survive against a motion to dismiss.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A court must identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," since "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 U.S. at 1950. Here, Mr. Fenn reaches the conclusion that he was the victim of fraud but he has not stated any facts to support such a claim.

Accordingly, because Mr. Fenn's claim for promissory fraud, found in Count Two of his Amended Complaint, could not survive a motion to dismiss, and because

Mr. Fenn's claimed damages are either not conceivably proximately caused by the alleged fraud or, alternatively, are not damages that he can recover or that are countable in determining whether or not the jurisdictional amount has been met, it appears, to a legal certainty, that Mr. Fenn has failed to meet his burden to invoke this court's limited jurisdiction.

Count Three of the Amended Complaint is entitled "Punitive Damages." (Amended Complaint, doc. 61, p. 7). This claim demands punitive damages as a result of Defendants' alleged injurious "misrepresentations" to Mr. Fenn. As pled, Count Three appears to be a reiteration of Mr. Fenn's fraud claim. As such, it also could not survive a motion to dismiss.

> C. <u>Even if Mr. Fenn had adequately stated a claim for fraud, his legally cognizable damages are insufficient, as a matter of law, to invoke this court's jurisdiction.</u>

Additionally and alternatively, the legally cognizable damages available to Mr. Fenn for the Defendants' alleged fraud are (1) compensatory damages - that is, that amount which compensates him for consulting services he provided to the Defendants as a result of their alleged misrepresentations, and (2) punitive damages. *See Old Southern Life Ins. Co. v. Woodall*, 348 So. 2d 1377, 1382 (Ala. 1977) (in a fraud case, a plaintiff is entitled to "compensatory damages . . . if alleged and proved [that] would consist of the money he was induced to part with . . . and punitive damages should

malice, wilfulness or aggravation have been shown.").

Based upon the facts set out in the Amended Complaint, under the <u>broadest</u> reading of Mr. Fenn's allegations, the services that <u>might</u> have been performed after the alleged misrepresentations were made (and which therefore might conceivably have been proximately caused by Mr. Fenn's reliance upon those misrepresentations) are limited to those set out in paragraphs 17 and 18 of his Amended Complaint. They total $118.40. Moreover, this sum cannot be added to the maximum sum that Mr. Fenn has claimed for breach of contract ($54,628.00), because they are part of his breach of contract claimed damages.

The court recognizes that, under Alabama law, if fraud has been adequately pled, then punitive damages potentially may be recovered. *Old Southern Life Ins. Co. v. Woodall*, 348 So. 2d 1377, 1382. However, based on a maximum conceivable compensatory claim for fraud of $118.40, and given the Supreme Court's admonition against Constitutionally excessive punitive damages, this court finds, to a legal certainty, that a punitive damages award in an amount sufficient to meet the jurisdictional threshold would be set aside. The Alabama Supreme Court, following the United States Supreme Court's holding in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 581 (1996), has noted that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant

degree, will satisfy due process." *Anderson v. Ashby*, 873 So. 2d 168, 196 (Ala. 2003) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003)). Although, in *Campbell*, the Supreme Court declined "to impose a bright-line ratio which a punitive damages award cannot exceed," *Campbell*, 538 U.S. at 425, this case is not the type of case to support a double digit or higher punitive damages multiplier. *See Bogle v. McClure*, 332 F.3d 1347, 1361 (11th Cir. 2003) (discussing single-digit multiplier as not being excessive). *See also Flint Const. Co. v. Hall*, 904 So. 2d 236, 254 (Ala. 2004). *Cf. Orkin Exterminating Co., Inc. v. Jeter*, 832 So. 2d 25, 40 (Ala. 2001) (holding that, in a case involving claims for breach of contract and fraud surrounding termite damage to a home, a damages award of "higher than" 10-to-1 was not warranted).

Because the cognizable contract and fraud proximate damages claimed by Mr. Fenn total ($54,628), even a punitive damages award that was 1,000 times the actual cognizable fraud damages claimed (to wit, $11,840) would still leave Mr. Fenn short of the jurisdictional amount.[4]

---

[4] The court is not stating that a 1,000 to 1 multiplier is appropriate here or that a 1,000 to 1 multiplier is never appropriate.

**CONCLUSION**

This court has carefully considered the allegations of Mr. Fenn's Amended Complaint and finds that he has failed to demonstrate the minimum amount in controversy requirement necessary for this court to have subject matter jurisdiction over this lawsuit. As such, the Defendants' Second Motion to Dismiss is due to be **GRANTED**. By separate order, this case will be **DISMISSED WITHOUT PREJUDICE**. *See* FED. R. CIV. P. 12(h)(3) (noting that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Furthermore, because this court lacks subject matter jurisdiction, Mr. Fenn's pending Motion to Compel will be **DENIED** as **MOOT**. *See Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue"). As previously stated, the court sees no need for a second hearing regarding Mr. Fenn's claims and the jurisdictional threshold requirements to bring an action in federal court based solely on diversity of citizenship. Therefore, Mr. Fenn's Request for a hearing will be **DENIED**.

**DONE** this the 18th day of March, 2010.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge